TERM, 1856.]                    Cummins vs. Rapley et al.

## CUMMINS VS. RAPLEY ET AL.

A debtor, having executed a deed of trust for the benefit of his creditors, filed a bill in chancery to enjoin one of the creditors from enforcing his judgment at law, and to coerce his acceptance of the deed of trust, depositing in court the amount then due, according to its provisions, for the payment of the judgment: the creditor refused to receive the money, except as an unconditional payment, or to accept the deed of trust, or to become a beneficiary under it: upon the hearing, the bill was dismissed: HELD, That the complainant had a right to withdraw the money so deposited.

*Appeal from Pulaski Circuit Court in Chancery.*

Hon. WILLIAM H. FEILD, Circuit Judge.

PIKE & CUMMINS, for appellant.   A deposit in court is an absolute payment *pro tanto*. The appellant could, but the appellees never could withdraw it.   1 *Wend.* 197; 7 *J. R.* 315; 3 *Cow.* 338; 5 *Mass. Rep.* 365; 2 *T. R.* 645; 1 *Saund. Rep.* 33 *c. n. e. and f;* 2 *Salk.* 397 *and notes;* 2 *Str.* 1027; 1 *J. R.* 202; 1 *Bos. & Pull.* 332; 10 *East* 48.

Courts deal summarily with deposits.   2 *Hill N. Y.* 538; 3 *Dan. Ch. Pr.* 2028.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At the June term of Pulaski Circuit Court, 1851, Cummins filed a petition on the chancery side thereof, stating in substance, as follows:

That on the 28th July, 1848, Charles and Abraham Rapley, filed a bill in said court, against petitioner and others, alleging, among other things, that petitioner, on the 26th April, 1848, had recovered a judgment against them, on the law side of said court, for $989 93, upon a note, &c.   That one third of said debt was due and payable, according to the tenor of a certain contract and deed of trust made by them on the 18th of October, 1848,

to secure said debt with others. That they had always been ready to pay the same, according to the terms of said deed, and thereby offered to do so: praying an injunction against the collection of said judgment, and that petitioner should be compelled to receive the same, only according to the terms of said deed, they offering to comply with the terms thereof. That afterwards, when said first instalment of one-third of said debt became payable, according to the terms of said deed, or about that time, the complainants in said bill deposited in said court, with Peay, the clerk thereof, the sum of $348 50, being one-third of said debt, and the first instalment thereof, falling due according to the terms of said deed. That afterwards, on the 7th August, 1849, on the final hearing of the cause, complainants proved, as part of the evidence in the cause, the fact of such deposit of said money, and had the benefit thereof upon the hearing, and the further proceedings therein. That petitioner refused to receive said money under said deed, as a constructive admission that he was bound by the terms of said deed, but offered to take the same as an absolute payment on the debt. That upon the hearing, the injunction theretofore granted therein, was dissolved, and the bill dismissed: and on appeal to the Supreme Court, by the complainants in said bill, the decree of the court below was affirmed. See *Rapley et al. vs. Cummins et al.*, 6 *Eng. Rep.* 689. That after the appeal was taken, Peay, the clerk of the court, permitted said Charles Rapley to withdraw, and use the money so deposited, without any leave of the court. Petitioner submits that the court should have ordered, and should still order the money to be paid to him on said judgment; praying a rule upon said Peay and Charles Rapley, to show cause why the money should not be restored, and paid over to petitioner, on said judgment, with interest, &c.

Peay and Rapley filed a joint response to a rule issued against them, to show cause, &c. They admit that the facts are correctly set forth in the petition. That Abraham and Charles Rapley made a deed of trust to secure their creditors certain debts,

due by them, and among them, the debt due to Cummins, assignee, &c. That he refused to accept said trust, and the said Abraham and Charles exhibited their said bill against said Cummins, in the Pulaski Circuit Court, to compel him to do so, and with said bill tendered and paid to said Peay, clerk of said court, the said sum of $348 50, &c., but said Cummins refused to receive said sum so tendered and paid, in writing, which writing is exhibited. That Cummins answered the bill; and, on final hearing, it was dismissed; and on appeal to the Supreme Court, the decree was affirmed, &c., and the said Abraham and Charles, finding that they could get no relief in the premises, and their bill being dismissed, they applied to Peay, and withdrew the said sum of money. Respondents insist that Cummins is entitled to no relief in the premises, and pray to be discharged, &c.

The following is the written refusal of Cummins to accept the money, on the terms proposed, &c., referred to in the response:

"LITTLE ROCK, ARK., *Feb. 5th*, 1849.

GORDON N. PEAY, *Clerk of Pulaski Circuit Court:*

SIR—I am informed that Mr. Charles Rapley has deposited some money in your hands, in some case or cases, where I am agent for the claimants. My clients have expressly rejected and condemned the deed of trust or assignment made by the Messrs. Rapley, to secure their creditors. I allude to the deed of record in your office, in which Ringo and Trapnall are trustees. My clients claim nothing, and will accept nothing under that deed: nor will they receive any payment which may be construed an implied or express approval of, or claim under that deed. I wish you to inform Mr. Rapley of this fact; and furthermore, that unless the money is paid unconditionally, without regard to said deed, no deposit will be recognized or allowed in any way, to stop interest on the debt. My clients are Messrs. Price, Newlen & Co., and Tracy, Irwin & Co.

Your ob't serv't,<br>E. CUMMINS, *Att'y.*"

On the hearing of the petition, it was argreed by the parties, that the above letter was shown to Rapley about the date thereof, and that he declined to permit the money to be withdrawn by Cummins, on the terms expressed in his letter, but insisted that if the money was taken out, it should be an acquiescence in the deed of trust. That this all occurred in the vacation of the court, and no motion or application ever was made to the court to withdraw the money by any one. That long before the decision of the Supreme Court was delivered, Rapley withdrew the money; Peay, the Clerk, agreeing thereto, upon Rapley giving security that the money would be returned whenever the court should order it. The receipt of Peay to Rapley for the money when deposited, dated 17th October, 1848, was read in evidence. Also the decree in the chancery cause.

The court dismissed the petition, at the costs of Cummins, and he appealed to this court.

The authorities cited by the appellant do not sustain his right to have the money brought again into court, and paid over upon the judgment.

No doubt, where a defendant brings into court, and deposits so much money as he admits to be due the plaintiff, on a demand sued for, it is a payment *pro tanto*, and he has no right to withdraw it, &c.

But here, the complainants in the chancery suit, deposited with the clerk, in vacation, a sum of money, for a specific purpose, subject to be accepted and withdrawn by Cummins, on the terms and conditions upon which it was deposited. He declined so to accept it. On the hearing, the bill was dismissed, and thereby, the object for which the deposit was made by complainants, was defeated.

Cummins refusing to accept the money on the terms proposed, and the court denying the relief sought, we think the Rapleys had a right to withdraw the money.

The judgment of the court below is affirmed.

Absent, Mr. Justice SCOTT.