HENRY L. WHITTAKER V. D. R. VOORHEES, *as Sheriff of Nemaha County.*

1. TITLE OF CAUSE — *Sufficient Description.* Where an envelope containing a deposition is indorsed with the names of the plaintiff and the defendant and the name of the officer before whom the deposition was taken, and is addressed to the clerk of the district court where the case is pending, *held,* a sufficient description of the title and cause.

2. DEPOSITION — *Notice — Place — Time.* Where a notice states that the deposition will be taken at the storehouse of M., in Bismarck, Dakota territory, on the 13th day of April, between the hours of 8 A. M. and 6 P. M., and the certificate attached to the deposition states that the deposition was taken at the store of M., in Bismarck, Dakota territory, on the 13th day of April, as specified in the notice attached, *held,* that "as specified in the notice" relates to the place, the day, and the hours of the day, as stated in the notice.

3. DEPOSITION — *Suppression not Material Error.* Where a deposition has been erroneously suppressed by the court for the reason of a defect in the indorsement on the envelope and in the certificate of the officer taking the same, yet where the contents of the deposition show that said evidence is so indefinite and uncertain as to render it of no value, *held,* that the suppression of the deposition is not sufficient error to require a reversal of the judgment.

4. INCOMPETENT EVIDENCE, *Instruction to Disregard; Verdict, Sustained.* Where the question in a trial is, whether the mortgage and sale of a stock of goods was for the purpose of defrauding the creditors of the vendor, and the court permits incompetent evidence to go to the jury, and afterward discovers the error and instructs the jury that they must disregard the evidence, *held,* that in some instances there may be such strong impressions made upon the minds of the jury by incompetent and improper evidence, that its subsequent withdrawal will not remove the effect caused by its admission; and in such a case the original objection may avail on appeal or writ of error; but such instances are exceptional. *And further held,* After excluding all the improper testimony admitted in this case, the record still shows that the verdict of the jury is sustained by such a preponderance of the evidence, and is apparently so correct and just, that the judgment will not be disturbed by reason of the error in the admission of incompetent evidence.

*Error from Nemaha District Court.*

ACTION brought by *Whittaker* against *Voorhees,* as sheriff of Nemaha county, to recover damages for the alleged wrong-

ful taking and conversion of a stock of goods. At the April
Term, 1885, the defendant recovered a judgment. The plain-
tiff brings the case here. The opinion states the facts.

*W. W. Guthrie,* and *B. P. Waggener,* for plaintiff in error.

*Conwell & Wells, J. E. Taylor, Smith & Solomon,* and *Frank
Royse,* for defendant in error.

Opinion by CLOGSTON, C.: From some time in 1882 up to
January, 1884, O. O. Marbourg was engaged in the hardware
business at Sabetha, Kansas, and at that time had a large stock
of hardware and agricultural implements. The plaintiff and
W. W. Marbourg, a brother of O. O. Marbourg, resided at At-
chison, Kansas. On January 3, 1884, O. O. Marbourg executed
four chattel mortgages on his several stocks of goods to his
brother, W. W. Marbourg, who took immediate possession of
said mortgaged property; and the next day he sold the entire
stock of goods in bulk, without invoice, to the plaintiff, for
the alleged consideration of $21,000 — $1,000 alleged to have
been paid in cash, and four promissory notes for $5,000 each
— and plaintiff took immediate possession. At the time of
the transfer of the goods by O. O. Marbourg to his brother,
he was largely indebted to different parties for goods purchased
of them, being part of the stock in question. On the 4th day
of January, 1884, and on each succeeding day up to the 12th,
suits were commenced by attachment by said creditors against
O. O. Marbourg, and the goods in question were attached by
defendant, as sheriff of said county, the attachments aggregat-
ing $17,000. No redelivery bond was given. On the 12th of
January this action was brought by plaintiff Whittaker against
defendant, as sheriff, for the value of the goods. In answer
to the plaintiff's action the defendant alleged the indebtedness
of O. O. Marbourg, the fraudulent mortgage and transfer by
him to W. W. Marbourg, his brother, the fraudulent sale there-
under by W. W. Marbourg to the plaintiff, and that said trans-
fer was made for the purpose of defrauding the said creditors
of O. O. Marbourg.

The first complaint made by the plaintiff in error is as to the suppression of a deposition of W. S. Moorehouse, taken by plaintiff in error. The record shows that this deposition was suppressed upon two grounds: First, that the indorsement on the envelope was not according to law; and second, that the certificate of the officer taking the deposition did not show that it was taken at the time and place set forth in the notice served upon the defendant. The indorsement on the envelope is as follows: "Henry L. Whittaker, plaintiff, *v.* D. R. Voorhees, defendant, sheriff, &c. Depositions taken by me, John E. Garland, notary public, Dakota. To J. H. Gleason, clerk of the district court of Nemaha county, at Seneca, Kansas." This deposition was suppressed upon the claim of the defendant that the title of the case was not set out in this indorsement. The statute requires that the envelope containing a deposition shall be indorsed with the title of the cause, and the name of the officer taking the same, and shall be by him transmitted to the clerk of the court where the action is pending. We think this indorsement was sufficient. It stated the name of the plaintiff and the name of the defendant, and was addressed to the clerk of the district court of Nemaha county, where the cause was pending.

1. Title of cause — sufficient description.

While in strict terms the title of a cause includes the title of the court where the cause is pending, yet where the deposition is directed to the clerk of the proper court, and is otherwise sealed up, indorsed, and transmitted in due form, the failure to state the title of the court more fully by indorsement is not sufficient ground for suppressing the deposition.

Second, the notice provided for the taking of this deposition at the storehouse of W. S. Moorehouse, in the city of Bismarck, in the county of Burleigh, territory of Dakota, between the hours of 8 o'clock A. M. and 6 P. M. of said day. The certificate to the deposition is as follows:

"I, John E. Garland, a notary public within and for the said county and territory, do hereby certify that the above-named W. S. Moorehouse, the witness whose name is subscribed to the foregoing deposition, was by me first duly sworn

to testify the truth, the whole truth, and nothing but the truth, in the cause aforesaid, and that the deposition by him subscribed was reduced to writing by me, and that the said deposition was so reduced to writing and subscribed by said witness in my presence, and the same was taken on the 13th day of April, 1885, at the store of W. S. Moorehouse, in Bismarck, Dakota territory, as specified in the notice hereto attached; and that I am not a relative or attorney of the parties, or otherwise interested in the event of the action.

JOHN E. GARLAND, *Notary Public.*"

Now the defendant insists that this certificate does not show that it was taken within the county of Burleigh, on the said 13th day, between the hours of 8 and 6 o'clock, at the storehouse of Moorehouse. We think this objection is technical only. The caption to the certificate shows the territory of Dakota, county of Burleigh. The certificate states that it was taken on the 13th day of April, at the store of W. S. Moorehouse, in Bismarck, Dakota territory, as specified in the notice.

We think this is a sufficient description of the place
2. Deposition — notice — place—time. and of the time. The notice states the time and place where the deposition was to be taken, and the officer certifies that it was taken at the time and place specified in the notice. The time mentioned not only means the day, but within the proper hours of that day. There was no showing made that the defendant had attended at the place named in the notice, or that the deposition was not taken as specified therein. All of the presumptions are in favor of the officer, that he did his duty. We think the court erred in sustaining the motion to suppress this deposition.

This brings us to the next question presented by this deposition; that is, Was the evidence contained in said deposition material, and for that reason does it require a reversal of this judgment? One of the claims made by W. W. Marbourg was, that the mortgage executed by his brother to him was to secure him (W. W. Marbourg) for money advanced, and for notes that he held against O. O. Marbourg. To establish this claim was the purpose in taking this deposition. It seems from the evidence that this witness, Moorehouse, had formerly been in

the employ of W. W. Marbourg, in Atchison, Kansas, and that while so employed he was present at a settlement between O. O. Marbourg and W. W., when the indebtedness was ascertained to be something over $6,000, and a note for that amount was given by O. O. Marbourg to W. W. Marbourg. He also testified that previous to that, and sometime between the years 1874 and 1876, W. W. Marbourg had advanced money to his brother and the firm of Marbourg & Black; also, that at one time he was at Sabetha, Kansas, and was given $200 by O. O. Marbourg to take to Atchison to his brother, W. W. Marbourg, to apply upon interest. That was the substance and purport of this deposition. The period during which these transactions, or any of them, took place, covered a number òf years; it may have been as early as 1876; it may have been in 1880; it was more than two years before the transfer of these goods took place. At most, it was evidence of an old indebtedness. The court permitted a note to be given in evidence, which purported to be the note described by this witness. This note, the court instructed the jury, imported a consideration. It showed upon its face a consideration. Without some evidence to destroy this transaction, the jury were bound to consider this note as claimed by the plaintiff. While we conceive of no good reason why the court should have refused to admit this deposition, yet it was of such a character that it would have been of little consequence, and therefore not so material as to require a reversal of the action. (*Doolittle v. A. T. & S. F. Rld. Co.*, 20 Kas. 329; *Germond v. Littleton*, 22 id. 730.) The transaction could be established, if true, by the testimony of O. O. Marbourg and W. W. Marbourg, and by the note itself. Also, plaintiff introduced the evidence of Floyd P. Gerow, who was an employé of W. W. Marbourg from 1879 to 1880, who testified to Marbourg being in possession of a note from his brother, O. O. Marbourg, for more than five thousand dollars; also, the evidence of Thomas J. White, who was in the employ of W. W. Marbourg from 1880 to 1881, who testified to having seen a note of the same description in the possession of W. W.

3. Deposition—suppression not material error.

Marbourg.   This evidence was offered to establish the exist-
ence of this note; and while the deposition suppressed would
have been evidence tending to establish this same fact, yet be-
ing so indefinite as to time, and in view of all the other testi-
mony upon that subject, and the fact that there was no evidence
to directly contradict the giving of the note therein stated, we
do not think the case ought to be reversed for the exclusion
of this evidence alone.

At the trial of the case the court permitted evidence to be
introduced over the objection of the plaintiff, showing the dec-
larations of O. O. Marbourg as to his financial condition long
before he engaged in the hardware business, and following up
to and during the first year of said hardware business; his
own repeated declarations of his financial standing, and also
the statements of bank officers made to salesmen who were
selling and trying to sell him bills of goods, long before the
transfer of his stock; also to show the dealings in connection
with the Western Hardware Company at Atchison, Kansas,
of which W. W. Marbourg was president and general man-
ager — a firm that had gone out of existence long before the
indebtedness or any of it accrued for which the attachment was
issued — under which the defendant claimed the right to the
possession of these goods.   The declarations of a grantor im-
mediately before and at the time of a sale, are admissible in
evidence to show his fraudulent intent. (*Bridge v. Eggleston,*
14 Mass. 245; *Gillet v. Phelps,* 12 Wis. 392; *Chase v. Chase,*
105 Mass. 385.)   His declarations made long before that time
or afterward, and not in the presence of the vendee, are not
competent for any purpose, and many of the declarations com-
plained of by plaintiff ought to have been excluded by the
court.   Indeed, they are too numerous for each to be ex-
amined by itself, and the court seems to have discovered its
error, for when it came to instruct the jury it recalled from
them all such testimony to which the plaintiff had urged his
objections.

" It is true in some instances there may be such strong impres-
sions made upon the minds of the jury by illegal and improper
testimony that its subsequent withdrawal will not remove the

effect caused by its admission; and in that case the original objection may avail on appeal or writ of error. But such cases are exceptional. The trial of a case is not to be suspended, the jury discharged, a new one summoned, and the evidence retaken, when an error in the admission of testimony can be corrected by its withdrawal, with proper instructions from the court to disregard it." (*Hopt v. The People*, 7 Sup. Ct. Rep. 618; *The State v. May*, 4 Dev. 330; *Goodnow v. Hill*, 125 Mass. 589; *Smith v. Whitman*, 6 Allen, 562; *Hawes v. Gustin*, 2 id. 402; *Dillin v. The People*, 8 Mich. 369; *Specht v. Howard*, 16 Wall. 564.)

But admitting everything claimed by the plaintiff in error against the incompetent evidence, yet upon a careful perusal of the record, with all of the objectionable and improper evidence eliminated, we are free to say that the conclusions reached by the jury were correct, and the judgment founded thereon ought to stand. The evidence clearly shows and establishes that O. O. Marbourg was legally indebted to his creditors for the goods he was transferring to his brother. The record does not satisfactorily show any large amount of indebtedness between the brothers, and while there may have been some indebtedness, yet no such an amount as claimed by them existed. Again, the relation of W. W. Marbourg to the plaintiff Whittaker was such that the jury might well infer that the transfer from Marbourg to Whittaker was made without any consideration whatsoever, but done for the benefit of W. W. Marbourg in carrying out his scheme to transfer the goods beyond the reach of O. O. Marbourg's creditors. In fact, the testimony of the plaintiff himself is so unsatisfactory that the jury evidently came to the conclusion that he had not in good faith purchased the goods. Therefore, while we think the court ought to have excluded some of the evidence, yet having admitted it, we still think the verdict of the jury was correct, and therefore the judgment must be affirmed. (See *Marbourg v. Mfg. Co.*, 32 Kas. 629.) It is therefore recommended that the judgment of the court below be affirmed.

4. Incompetent evidence, instruction to disregard; verdict, sustained.

By the Court: It is so ordered.

All the Justices concurring.