DAVID F. NEISWENDER v. E. T. JAMES, *as Administrator of the estate of Elizabeth Gutshall, deceased.*

DEFECTIVE TRANSCRIPT—*Case, Not Reviewed.* Where a review of a case is based on a transcript instead of a case-made, it should be complete, and contain a copy of all that is legally a part of the record in the court below. A defective transcript containing only copies of certain findings, motion for a new trial and judgment, is not in a condition for an examination or review.

·        *Error from Shawnee Superior Court.*

THE opinion states the case.

*Overmyer & Safford,* and *G. W. Carey* for plaintiff in error.
*A. H. Vance,* and *B. Crumrine,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to reverse a judgment
of the superior court of Shawnee county, given on October
21, 1886, in favor of the defendant in error, for the sum of
$800.52. Various grounds of error are assigned and argued,
but the record brought up for review is so defective and incom-
plete that we are not permitted to examine the case upon its
merits. The sufficiency of the record is not questioned by the
defendant in error, and ordinarily only such questions as are
called to the attention of the court are noticed; but in this case
the record falls so far short of what is required by the statute,
that the defect cannot be overlooked. It purports to be a
transcript, but it contains only certain findings of the court,
a motion for a new trial, and the judgment. It shows that
the case was heard upon pleadings and testimony, but what
the pleadings contained, or what the issues in the case were,
is not shown. There are two methods of bringing a civil case
up for review: one upon a case-made, and the other upon a
transcript. In no other way can the appellate jurisdiction of
the court to review such cases be invoked or exercised. The
case-made may be very brief, much more so than a transcript,
and the first-named was devised mainly for the purpose of
abridging the record and lessening the expense of review.
All that it needs to contain is a brief statement of the issues
in the case, and so much of the evidence or proceedings as is
necessary to a full understanding of the errors assigned. But
even in a case-made the pleadings or a statement of what the
issues in the case were should be included. (*Shumaker v.
O'Brien,* 19 Kas. 476.) When the other method of bringing

a case up for review is employed, the plaintiff in error cannot shorten the record at his option. The authenticated transcript attached to the petition in error must be a copy of the whole record. It must be a transcript of all that is legally a part of the record in the court below; and what the record shall consist of is pointed out in § 417 of the code. It is a cumbrous and expensive method, but the rule is rigid that when that means of review is employed, the transcript must contain the whole record. The case in hand cannot be fairly considered or properly decided on the fragment of record that has been brought up. What was controverted or conceded in the pleadings, and whether the findings are within the issues framed in the action, cannot be known. How far the findings may have been modified or supplemented by facts conceded in the pleadings or agreed upon by the parties, cannot be ascertained. The clerk certifies it to be a true and correct transcript of the records and proceedings in the case, and at the same time recites that pleadings were filed which are not included in the record. We are not disposed to discourage brevity in the making of records for review, as it is a much-needed reform. It may be accomplished by means of the case-made; but when a review is based on a transcript, it must contain the complete record. (*Weaver v. Hall*, 33 Kas. 619; *Eckert v. McBee*, 25 id. 705; *Whitney v. Harris*, 21 id. 96; *Moore v. Cutler*, 18 id. 607; *The State v. Ricker*, 40 id. 14.)

The petition in error will be dismissed.

All the Justices concurring.