The Kingman, Pratt & Western Railroad Company
v. W. J. Quinn.

1. Evidence — *Production — Rule.* The first rule governing in the pro-
   duction of evidence is, that the evidence offered must correspond
   with the allegations and be confined to the point in issue. (*Brookover
   v. Esterly*, 12 Kas. 152; 1 Greenl. Ev., ¿¿ 50, 51.)

2. Fraud — *Facts to be Averred.* A mere general averment of fraud and
   illegality, without stating the facts on which the charge is based,
   presents no issue, and no proof is admissible thereunder. (*The State
   v. Williams*, 39 Kas. 517.)

3. Case-Made — *Brevity.* The case-made may be very brief, much more
   so than a transcript, and was devised mainly for the purpose of
   abridging the record and lessening the expense of review. (*Neis-
   wender v. James*, 41 Kas. 463.)

4. Evidence, *How Much in Case-Made.* When it is sought to review the
   action of the trial court in admitting incompetent and irrelevant
   testimony, it is not necessary that the case-made should contain all
   of the evidence. If it contains the pleadings, the judgment and
   sufficient of the evidence showing the errors complained of and the
   exceptions thereto, this court has jurisdiction to consider the incom-
   petent evidence excepted to, and if the incompetent evidence is ma-
   terial and prejudicial to the party objecting, it may order a new trial.

*Error from Pratt District Court.*

The case is sufficiently stated in the opinion, *infra,* filed at
the session of the court in February, 1891.

*Geo. R. Peck, A. A. Hurd, Robert Dunlap,* and *Fred. W.
Bentley,* for plaintiff in error.

*J. C. Ellis,* and *J. G. Waters,* for defendant in error.

*Per Curiam:* A reëxamination of the record in this case
satisfies us that the first alleged error was not sufficiently con-
sidered in the former hearing. The case was dismissed in
this court upon the ground that the evidence was not all pre-
served in the record. It was stated in the opinion "that the
record should contain all of the evidence introduced during
the trial of the case in the court below to intelligently con-

sider the questions raised by the plaintiff in error." The first alleged error was, "That the court erred in the admission of testimony tending to show that the justice of the peace, at the time of issuing the warrant, was just outside of the limits of his township, and that therefore he acted without jurisdiction, and his proceedings were void." (*Phillips v. Thralls*, 26 Kas. 780; *Wilcox v. Johnson*, 34 id. 655; *Railroad Co. v. Rice*, 36 id. 493.) A mere general averment of fraud and illegality, without stating the facts on which the charge is based, presents no issue, and no proof is admissible thereunder. (*The State v. Williams*, 39 Kas. 517.)

The petition in the court below contained a copy of the complaint made and filed by James Moore, and also a copy of the warrant issued by F. R. Gammon, the justice of the peace, under which W. J. Quinn was arrested, but did not allege that the acts of the justice were void, because done outside of his township. The petition alleged that F. R. Gammon, the justice, was an agent of the railroad company, and that the arrest of Quinn was illegal and unlawful. If it were intended to prove that the warrant was illegal, because issued by the justice of the peace outside of his own township, allegations to that effect should have been inserted in the petition.

In the absence of any such allegations in the pleadings, it was error for the trial court to admit testimony that the warrant was issued, or other acts of the justice were done, in a township where the justice of the peace had no power to act. The admission of this incompetent and irrelevant evidence against objections ought not to have been allowed. Mr. Greenleaf says of the rules of evidence: "The first of these is, that the evidence must correspond with the allegations, and be confined to the point in issue." (1 Greenl. Ev., §§ 50, 51; *Brookover v. Esterly*, 12 Kas. 152.) A court ought not, by the admission of incompetent testimony, to enlarge the issues, or permit a jury to pass upon a case not made by the pleadings. (*McGonigle v. Atchison*, 33 Kas. 726; *Railroad Co. v. Irwin*, 35 id. 286.)

The record in this case contains the pleadings, the special findings, and the judgment of the trial court. It also contains the objectionable testimony concerning the issuance of the warrant in a township where the justice of the peace had no power to act. It was never necessary, when a case was brought to 'this court upon a bill of exceptions, to set forth any more than was necessary to show the errors complained of, if the record contained the pleadings and judgment. Section 547 of the code provides that a party desiring to have a judgment of the district court reversed by the supreme court, may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the supreme court.

"There are two methods of bringing a civil case up for review: One upon a case-made, and the other upon a transcript. In no other way can the appellate jurisdiction of the court to review such cases be invoked or exercised. The case-made may be very brief, much more so than a transcript, and the first named was devised mainly for the purpose of abridging the record and lessening the expense of review. We are not disposed to discourage brevity in the making of records for review, as it is a much-needed reform." (*Neiswender v. James*, 41 Kas. 463.)

When it is sought to review the action of the court in admitting incompetent and irrelevant testimony, it is not necessary that the case-made should contain all of the evidence. If it contains the pleadings, the judgment, and sufficient of the evidence showing the errors complained of, this court has jurisdiction to consider the incompetent evidence objected to. In such a case, it is not necessary that the record should contain all of the evidence. (*Railroad Co. v. Grimes*, 38 Kas. 241.)

It is urged that this court cannot review the objectionable testimony, because the instructions are not given, and it is also urged that the objectionable testimony was not material or prejudicial. The trial court may instruct a jury to disregard incompetent evidence and such subsequent withdrawal may cure the error in its admission, but even this is not al-

ways the case. (*Whittaker v. Voorhees,* 38 Kas. 71.) But it is evident, from the special findings of the jury, that the jury did not disregard the incompetent evidence admitted, but upon the other hand, they must have fully considered the same. It evidently had weight with them from the special findings returned. One of the special findings of the jury stated that the warrant was illegal; other findings tend to show that the justice of the peace issuing the warrant acted outside of his township.

The motion for a new trial alleged errors committed upon the trial by the court. Sufficient evidence is preserved in the case-made showing the incompetent evidence admitted and objected to. If this evidence was not prejudicial, the plaintiff below might have suggested an amendment showing that the error was waived or cured, but in the absence of such showing, we cannot presume that the error was waived or cured. The findings of the jury tend to rebut any waiver or any curative instructions. The evidence was not only material, but prejudicial.

The decision in the former opinion, that a verdict of the jury cannot be challenged upon the ground that it is not supported by any evidence, if a statement is not contained in the case-made affirmatively showing that all of the evidence is preserved, is in accord with a long line of decisions of this court. Many of the decisions are there cited.

The rehearing will be granted; the judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.