THE BOARD OF COMMISSIONERS OF ELK COUNTY V. L. SCOTT et al.

REVIEW — *Certificate to Transcript.* To secure a review of the rulings and judgment of the district court upon a transcript, it is essential that the certificate of the clerk attached should show that it is full and complete.

*Error from Elk District Court.*

ACTION by the *County Board* against *Scott* and others to recover money alleged to have been wrongfully allowed and

paid said *Scott* for services as county attorney.  Judgment for defendants at the May term, 1889.  The plaintiff comes to this court.

*F. M. Miller*, county attorney, for plaintiff in error.

*J. M. White*, and *L. Scott*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: In an action brought by the board of county commissioners of Elk county against L. Scott, formerly county attorney of that county, to recover $75.37, alleged to have been wrongfully allowed and paid to him for services as county attorney, and also to recover a certain penalty and attorney's fee, judgment was given in favor of the defendant.  To secure a review of the rulings and judgment of the district court, the plaintiff brings to this court what purports to be a transcript of the record; but it is plainly insufficient.  The certificate of the clerk fails to show that it is a complete transcript of the entire record, and this is essential.  He certifies that it contains a true transcript of the petition, demurrer, and journal entry; but there may have been other pleadings, orders and entries than those contained in this record.  Indeed, it appears from the allegations of the petition itself that important parts of that pleading are omitted from the record.  The claims alleged to have been unlawfully allowed and paid are referred to as exhibits attached to and made a part of the petition, but an examination shows that they are not attached, nor can they be found in the record.  To secure a review upon a transcript, the certificate of the clerk attached to the record should show that it is full and complete, and, failing in this respect, the present proceedings must be dismissed. (*Neiswender v. James*, 41 Kas. 463 )

All the Justices concurring.