Byers v. Leavenworth Lodge.

---

JAMES L. BYERS *et al.* v. LEAVENWORTH LODGE No. 2, INDEPENDENT ORDER OF ODD FELLOWS, *et al.*

APPEAL—*Transcript in Error.* A case on appeal under the civil code (§ 546a), providing that in all actions by petition in error the plaintiff in error shall file with the petition in error a certified transcript of the record in the court below, wherein the clerk's certificate recited "that the transcript contained a true, full and complete copies" of certain pleadings, motions, entries, etc., will be dismissed because it does not state that such comprised all the records and proceedings in the case.

*Error from Leavenworth District Court.*

ACTION by *James L. Byers* and others against *Leaven-*

21—54 KAS.

*worth Lodge No. 2, I. O. O. F.*, and others.    Plaintiffs bring error.

*Lucien Baker*, for plaintiffs in error.

*L. B. & S. E. Wheat*, for defendants in error.

*Per Curiam:* A motion has been filed in this case to dismiss the petition in error, upon the ground that there is not attached and filed with the petition any case-made, or a certified transcript of the record of the trial court, and also because it is apparent from the record that it is not a full and complete transcript. (Civil Code, § 546*a*.)    The case purports to come here upon a transcript, and not a case-made.    "To secure a review upon a transcript, the certificate of the clerk attached to the record should show that it is full and complete, and, failing in this respect, the present proceedings must be dismissed." (*Neiswender v. James*, 41 Kas. 463; *Comm'rs of Elk Co. v. Scott*, 51 id. 139; *Westerbrook v. Schmaus*, 51 id. 214.) The clerk could have certified, if such were the case, in two or three lines, that the transcript to which he attached his name was "a true, full and complete transcript of the proceedings in the case, as the same appears of record in my office."    He did not do this.    Instead thereof, he certified "that the transcript contained a true, full and complete cop- ies" of certain pleadings, motions, entries, etc.    His certificate does not show that these were all the records and proceedings that should have been certified to this court in the transcript.

"We are not disposed to discourage brevity in the making of records for review, as it is a much-needed reform.    It may be accomplished by means of the case-made; but when a review is based on a transcript, it must contain the complete record." (*Neiswender v. James*, supra.)

The motion will be sustained, and the case dismissed.