THE BANK OF SANTA FE, *by Treadwell C. Coffman, Receiver*, v. W. H. HUSSEY, *County Clerk, et al.*

**No. 171.**

1. APPELLATE JURISDICTION—*certificate must state that transcript comprises all the records and proceedings in the case.* "A case on appeal under the Civil Code (§ 546a) providing that in all actions by petition in error the plaintiff in error shall file with the petition in error a certified transcript of the record in the court below, wherein the clerk's certificate recited 'that the transcript contained a true, full and complete copies' of certain pleadings, motions, entries, etc., will be dismissed because it does not state that such comprised all the records and proceedings in the case." *Byers v. Leavenworth Lodge*, 54 Kan. 321.

2. ——— *clerk of district court not authorized to determine what are "material acts and proceedings."* "When a review is sought on a transcript of the record, the clerk of a district court is not authorized to determine what are or what are not 'material acts and proceedings of the court,' but should make a full and correct transcript of the record and proceedings in the cause, and certify the same as such, and where he has not substantially done so the petition in error will be dismissed." *Cook v. Challiss*, 55 Kan. 363.

Error from Haskell District Court. Hon. Wm. Easton Hutchison, Judge. Opinion filed November 19, 1897. *Dismissed*.

894          BANK v. HUSSEY.

S. Dept.          Opinion.  Schoonover, J.          6 Kan. App.

*Milton Brown*, for plaintiff in error.

*A. J. Hoskinson*, for defendants in error.

SCHOONOVER, J.   The plaintiff in error commenced an action in the District Court of Haskell County, Kansas, for injunction.   The case was tried by the court and the injunction denied.   The case is here upon a transcript.

The right to a review in this court is now challenged on account of the insufficiency of the record.   It is contended that the transcript attached to the petition in error is not shown by the certificate of the clerk to be a full, true and complete transcript of the record and proceedings in the District Court.   The certificate is as follows :

"*State of Kansas, Haskell County, ss.*

I, A. A. Barlow, Clerk of the Haskell County District Court, do hereby certify that the above and foregoing transcript is a true and correct transcript and copy of the undertaking for injunction, the journal entry of temporary injunction, the amended petition, the answer of the Kern-Rosenthall Investment Company, the findings of fact and conclusions of law and exceptions allowed by the court, the plaintiff's motion for a new trial, and the journal entry showing the final judgment rendered in the action of the Bank of Santa Fe, by Treadwell C. Coffman, Receiver, v. W. H. Hussey, County Clerk of Haskell County, Kansas, and the Kern-Rosenthall Investment Company, and being action number 450 of the Haskell County District Court, as appears by the files and records of said court, and in my custody.

"In witness whereof, I have hereunto subscribed my name and affixed the seal of said court, at Santa Fe, Haskell County, Kansas, on this thirtieth day of March, A. D. 1894."

BANK v. HUSSEY. 895

Nov. 19, 1897.     Opinion.   Schoonover, J.     W. Div.

In the case of *Westbrook v. Schmaus* (51 Kan. 214), the certificate of the clerk reads as follows :

"Is a full, true and correct copy of certain proceedings had in said court in the case therein entitled, as the same appears of record in my office."

Mr. Justice Johnston in the opinion says :

"The certificate fails to show that the record contains a complete transcript of the proceedings in the cause. Nothing short of a full transcript of all the proceedings is sufficient, and that it is a complete transcript must appear from the certificate of the clerk."

In the case of *Byers v. Leavenworth Lodge* ( 54 Kan. 321 ), the Supreme Court says :

"The clerk could have certified, if such were the case, in two or three lines, that the transcript to which he attached his name was 'a true, full and complete transcript of the proceedings in the case, as the same appears of record in my office.' He did not do this. Instead thereof, he certified 'that the transcript contained a true, full and complete copies' of certain pleadings, motions, entries, etc. His certificate does not show that these were all the records and proceedings that should have been certified to this court in the transcript."

In the case of *Cook v. Challiss* ( 55 Kan. 363 ), the following certificate was considered :

"I, Charles S. Albright, clerk of the District Court within and for the county of Atchison and State of Kansas, do hereby certify the above and foregoing to be full, true and complete copies of the papers therein mentioned ; that the above and foregoing transcript contains a full and complete copy of the petition of the plaintiff in the above-entitled action, together with the exhibits thereof and the indorsements thereon, the process in said cause — being the summons issued against the defendants, W. W. Cook and T. A. Brace — together with the returns of the officers serving the

896     BANK v. HUSSEY.

S. Dept.     Opinion. Schoonover, J.     6 Kan. App.

same as indorsed thereon, and all other indorsements on said summons; also, the pleadings subsequent thereto, and all orders, judgments and all material acts and proceedings of the court in said cause; and contains a copy of a motion of the defendants, W. W. Cook and T. A. Brace, to require plaintiff to separately state and number the causes of action in said petition, and their motion to require plaintiff to make his petition more definite and certain, with the journal entry of the doings of the court on said motion, the amended petition of plaintiff, and all indorsements thereon, the judgment of the court in said cause, the motion of the defendants, W. W. Cook and T. A. Brace, for a new trial, with the indorsements thereon, and the journal entry of the doings of said court on said motion, as fully as the same remain on file and of record in my office.''

Chief Justice Martin in the opinion says :

'' There is no statement that the document certified is a transcript of the proceedings nor a transcript of the record. Counsel for plaintiffs in error refer to § 417 of the Code, which declares what shall constitute the record in a cause, and urge that as it includes ' all material acts and proceedings of the court,' and this certificate of the clerk contains these words, this should be deemed sufficient; but that section does not contemplate that the clerk shall determine what acts and proceedings are material. . . . The clerk's certificate should show the fact that the document which he furnishes for the purpose of a review is a full and correct transcript of the record and proceedings of the court in the cause to which it relates. The certificate in this case does not comply substantially with this requirement. The statutes are very plain, and there is little excuse for a failure to comply with them.''

Following these authorities, the certificate in the case we are now considering cannot be upheld; the clerk certifies that '' the above and foregoing transcript is a true and correct transcript and copy of the

undertaking for injunction, the journal entry of temporary injunction, the amended petition, . . . and being action number 450 of the Haskell County District Court as appears by the files and records of said court and in my custody."

There is no statement in the certificate that the document certified is a full, true and correct transcript of the record.

The case will be dismissed.