ANSEL GIFFORD v. JACOB AMMER.

No. 153.

1. PRACTICE—*Exceptions to Depositions.* A motion to suppress depositions made and filed in due time was by the court overruled. During the progress of the trial the court reconsidered his decision thereon and sustained the motion. Inasmuch as it does not appear from the record that either party requested the court, before the commencement of the trial, to hear and decide the questions arising on exceptions, *held,* that this, of itself, is not such an irregularity as to necessitate the reversal of the judgment, in the absence of any showing that the defendant was injured or placed at a disadvantage by reason thereof.

2. ——— *Admissions by Answer and Evidence—Instructions.* Where the defendant by his answer and evidence admits all the allegations of plaintiff's petition and all that is necessary for plaintiff to prove to entitle him to a recovery in the action, the court may very properly instruct the jury to return a verdict for plaintiff.

Error from Phillips district court; A. C. T. GEIGER, judge. Opinion filed May 3, 1898. Affirmed.

*Frank McKay,* for plaintiff in error.

*W. H. Pratt,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by one T. G. Watros against Ansel Gifford, the plaintiff in error, for the recovery of $546.06, which the plaintiff claimed

to have paid on a supersedeas bond which he signed
as surety for Gifford. The plaintiff alleged in his pe-
tition that one Bert Oleson recovered a judgment in
the district court of Winneshiek county, Iowa, against
Ansel Gifford for $350 damages and $137 costs, from
which judgment Gifford appealed to the supreme
court; that at the request of Gifford this plaintiff be-
came surety on his appeal bond, and thereby became
liable to perform the conditions of the same as surety;
that on the final hearing in the supreme court the
judgment was affirmed with costs; and that he, Wat-
ros, by reason thereof was compelled to and did pay
thereon the sum of $532.86 for Gifford. Before this
action was called for trial in the district court Watros
sold and assigned his claim to Jacob Ammer. The
purchaser, Jacob Ammer, was thereupon made plain-
tiff in the action by substitution. This change or
substitution of plaintiffs did not affect the defendant
nor the defense. Thereafter a trial was had, and the
court instructed the jury to return a verdict for the
plaintiff for the amount claimed. The defendant ex-
cepted, filed his motion for a new trial, which was
overruled, and presents the case to this court for re-
view.

The plaintiff in error alleges that the trial court
erred in overruling his motion for a new trial, for the
reasons: First, that the court erred in refusing to
permit him to read the deposition of E. R. Acres in
evidence at the trial. In the trial court, the plaintiff,
on April 26, 1897, several days before the trial was
had, filed a motion to suppress the deposition of Acres
upon the grounds that the certificate of the notary be-
fore whom the deposition was taken does not show
that the witness was sworn as required by law, nor
that the witness was sworn "to testify to the truth,

Gifford v. Ammer.

the whole truth, and nothing but the truth." The motion to suppress the deposition was by the court overruled. At the trial the defendant offered to read the deposition in evidence, and the plaintiff orally renewed his objection to the reading of the deposition for the reasons set out in the motion to suppress the deposition. It appears that the court reconsidered his decision, sustained the motion, and refused to let the deposition be read to the jury. The record is silent as to whether either party, before the trial, requested the court to hear and determine the questions arising on the exceptions to the deposition. "The court shall, on motion of either party, hear and decide the questions arising on exceptions to depositions before the commencement of the trial." If neither party requested the court to hear and decide the questions on exceptions to depositions before the commencement of the trial, we see no impropriety in the court reconsidering its decision thereon during the progress of the trial, and this is what the court did in the case at bar. This of itself is not such an irregularity as to necessitate the reversal of the judgment rendered in the trial court, in the absence of any showing that the defendant was injured or placed at a disadvantage by reason thereof. The defendant did not request a postponement or continuance of the case, but proceeded with the trial. The certificate of the notary does not show that the witness was sworn to testify "the truth, the whole truth, and nothing but the truth." The certificate was therefore defective. The plaintiff in error makes no contention in this court that the deposition was properly certified, merely contending that the court erred in excluding the deposition at the time and in the manner that the same was excluded. The evidence contained in the deposition was incompetent, irrele-

vant and immaterial and did not tend to prove any issue at the trial. The evidence purports to give the substance of a conversation between Ammer and the witness in regard to the purchase and the assignment of the Watros claim. Ammer himself was a witness in the case, and was cross-examined at length by the defendant concerning the matters claimed to have been stated by him in the presence of the witness Acres, and his testimony was substantially as related by Acres. It is very clear that the plaintiff in error was not injured by reason of the refusal of the trial court to permit the deposition to be read in evidence. The court properly excluded the evidence from the jury. (*Whitaker v. Voorhees*, 38 Kan. 71; *W. U. Tel. Co. v. Collins*, 45 id. 88.) The plaintiff in error relies on *St. L. & S. F. Rly. Co. v. Morse*, 38 Kan. 271, in support of this contention. In that case no motion in writing was made or filed to suppress the deposition. The deposition was suppressed on a verbal motion only, and for reasons held to be insufficient, even had the motion been properly made. The conditions of that case were entirely different from the case at bar.

Second, that the court erred in instructing the jury to return a verdict for plaintiff below, defendant in error. The plaintiff offered evidence in support of all the material allegations of his petition. The defendant in his answer "admits that Bert Oleson obtained a judgment against him in a district court of Iowa, as alleged in plaintiff's petition; that he appealed; that the judgment was affirmed; and that Watros signed the supersedeas bond in his appeal, as alleged in the petition." The defendant testified on the trial, among other things, as follows:

"Ques. Did Mr. Watros pay the 500 and odd dollars judgment rendered against you? Ans. I expect so.
"Q. And you never paid him? A. No, sir.

" Q. Then how do you account that you are not owing him? A. In the receipt I got from Mr. Bullis.

" Q. That is all you rely on? A. No, I do not rely on that receipt entirely ; I rely on Bullis's guaranty.

" Q. That is what you refer to when you speak about the receipt? A. Not entirely on the receipt; the guaranty made verbally by Bullis that he would pay the expenses made in carrying on that suit."

This man Bullis is not a party to this action, and his receipt and guaranty can in no manner affect the legal rights of Watros or Ammer. The sale, the purchase and the assignment of Watros's cause of action to Jacob Ammer were abundantly proven. The defendant, by his answer and evidence, admits all that the plaintiff claims, and all that was necessary for the plaintiff to prove in order to recover in this action. The court very properly instructed the jury to return a verdict for the plaintiff.

The court did not err in overruling the motion for a new trial. The judgment is affirmed.