The Bonanza Lead Mining Company *et al.* v. W. W. Huff, etc.

**No. 13,019.**  (71 Pac. 849.)

Error from Cherokee district court; A. H. Skidmore, judge. Opinion filed March 7, 1903. Dismissed.

*R. W. Blue,* and *W. B. Glasse,* for plaintiffs in error.

*S. E. Cheeseman,* and *William F. Sapp,* for defendant in error.

*Per Curiam:* The trial of this action resulted in special findings and verdict in favor of Huff. Motion for a new trial was filed October 1, 1900, taken under advisement by the court, and overruled on January 14, 1901. The defendants below asked for, and obtained, ninety days in which to make and serve a case. The time was extended upon several applications, and on October 11, 1901, the case-made was presented to the judge for settlement, and was finally settled and signed December 19, 1901. This proceeding was not instituted until January 29, 1902, which was more than one year after the ruling of the court upon the motion for a new trial. When the motion for a new trial was overruled a stay of execution of the judgment was granted, but it appears that no formal entry of judgment had in fact been made.

On January 21, 1901, Huff moved for judgment on the verdict and special findings of the jury, but as the next sitting of court was to be held at Galena, the case, on the application of Huff, was transferred and set for the term to be held at Galena, and to this order of transfer the defendants below excepted. On March 15, 1901, judgment was formally entered in favor of Huff, to which exception was taken. No motion for new trial was filed after the rulings of the court at Galena. Huff moves for a dismissal of this proceeding because it was not begun within the time required by law.

The motion for a new trial and the rulings involved therein cannot be considered by the court because of the lapse of time.   The order transferring the cause to Galena and the entry of judgment there occurred within one year prior to the beginning of this proceeding.   These rulings, however, are not preserved in the case-made, and nothing is included therein except such rulings as were made prior to the allowance of time in which to make the case.

It is contended that the order of transfer and entry of judgment are reviewable on what is termed a transcript of the record.   There is in the case-made a certificate of the clerk that certain pleadings, proceedings and papers, enumerating them, are included in the record, but it does not certify that the whole of them is a complete transcript of the entire record.   This is essential to a review upon a transcript.   (*Neiswender v. James,* 41 Kan. 463, 21 Pac. 573; *Comm'rs of Elk Co. v. Scott,* 51 id. 139, 32 Pac. 919; *Westbrook v. Schmaus,* 51 id. 214, 32 Pac. 892; *Byers v. Leavenworth Lodge,* 54 id. 321, 38 Pac. 302.)

The proceeding will therefore be dismissed.