CHARLES A. WINDSOR *pro se, as Administrator, etc., and as Surviving Partner,* v. J. J. SNIDER *et ux.*

No. 15,110. (90 Pac. 820.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Money Deposited in Court—Withdrawal.* In an action of replevin to recover possession of mortgaged property, where the mortgagor tendered and paid into court a certain amount as full payment of the mortgage debt, which the mortgagee refused to accept, the ownership of the money remained in the mortgagor, and an order of the court, made after a verdict in favor of the mortgagee, which permitted the mortgagor to withdraw the money, was not erroneous.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed June 8, 1907. Affirmed.

*George L. Hay,* and *S. D. LaFuze,* for plaintiff in error.

*J. Q. Jenkins, C. C. Calkin,* and *C. W. Fairchild,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Charles A. Windsor, as administrator of an estate and also as surviving partner, as well as for himself, brought an action of replevin against J. J. Snider and Ella Snider, setting up a special ownership, under a chattel mortgage, in certain cattle, horses and hogs and growing crops, of the alleged value of $2500. A writ of replevin was issued, under which much of the mortgaged property was seized, and as no redelivery bond was given the property was delivered to the plaintiff.

In their answer the Sniders, among other things, averred that the plaintiff held no lien and was not entitled to the possession of the property, and further that before the suit was brought they had tendered to plaintiff $1500 as full payment of the mortgage debt, and this tender they renewed in their answer. In reply plaintiff denied that payment had been tendered by defendants, and alleged that there was a mortgage debt of $2500 remaining unpaid. The defendants insisted on the tender at the trial, and the court then ordered and required them to pay into its custody the amount tendered, which was done. The jury found in favor of the plaintiff, however, and fixed the value of the special ownership at $1900.81.

The judgment rendered upon the verdict was the ordinary one for the possession of the property or the value of the special ownership in case a delivery could not be had. The defendants then applied to the court for the return of their unaccepted tender of $1500, which had been placed in the custody of the court, and this motion was allowed and an order made for the return of the money tendered, except the sum of $194.40, which was applied in satisfaction of the costs of the action. The ruling permitting the return of the money is the only one of which complaint is made in this proceeding.

There was no error in allowing the withdrawal of the money. The defendants made a qualified tender.

It was offered as full payment of the mortgage debt. If it had been accepted the lien would have been extinguished and the plaintiff's right to the possession of the property ended. Plaintiff had the option to accept or reject the tender. If he accepted he would have become the owner of the money tendered. He chose to refuse the tender and took the risk of establishing a larger indebtedness. Defendants, who by the tender sought to extinguish the lien and defeat the action as well as escape the payment of costs, took the risk of losing on each proposition in case the amount tendered was insufficient. Plaintiff could only claim ownership of the money by accepting it as tendered, and when the tender was refused the ownership remained in the defendants, who were at liberty to withdraw or appropriate it as they pleased. (*Stowell v. Read*, 16 N. H. 20, 41 Am. Dec. 714; *Dunn v. Hunt*, 76 Minn. 196, 78 N. W. 1110; *Thompson v. Kellogg*, 23 Mo. 281; *Cummins v. Rapley et al.*, 17 Ark. 381; Hunt, Tender, § 362; 28 A. & E. Encycl. of L. 14.)

The fact that the court ordered the money brought into its custody did not change the attitude of the parties or the ownership of the money tendered. The money was probably placed in the custody of the court on the theory of keeping the tender good so that the defendants could insist that plaintiff had no right to the possession of the property. The taking of the money down after the refusal of the tender and before the verdict might have affected the lien and the right to the possession of the property, but the option to do so with its risks belonged to the defendants. With their discretion the plaintiff had no right to interfere after rejecting the tender. The contention that the tender should in any event be regarded as a *pro tanto* payment of the mortgage debt is not sound for the reason, among others, that this is not an action to recover a debt. It was brought to recover the possession of property based on a special ownership, and the plaintiff was entitled to recover if any part of

the mortgage debt remained unpaid.  It is unnecessary, therefore, to determine the consequences of making a tender which is rejected in an action to recover a debt.  The plaintiff did recover the property, or a great part of it, and yet is also claiming the ownership of the money tendered, a tender which he refused to accept.  The ownership of the money was in the defendants and its return to them was rightly ordered.

The judgment is affirmed.