Snider v. Windsor.

J. J. SNIDER *et ux.* v. CHARLES A. WINDSOR, *pro se., as Administrator, etc., and as Surviving Partner, etc.*

No. 15,297.   (93 Pac. 600.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Transcript of Record.* Where a case is brought to this court on a transcript of the record such transcript should contain everything that is a part of the record.

2. PLEADINGS—*Amendment.* Amendments of pleadings may be allowed in furtherance of justice when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction.

3. ——— *Same—Immaterial Error.* Any error in allowing an amendment which does not affect the substantial rights of the complaining party is not a sufficient ground of reversal.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed January 11, 1908. Affirmed.

*C. W. Fairchild, J. Q. Jenkins,* and *C. C. Calkins,* for plaintiffs in error.

*George L. Hay,* and *S. D. LaFuze,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: This proceeding is upon a transcript of the record. A motion is made to dismiss on the grounds that the transcript is not complete, that all the neces-

sary parties are not before the court, and because the certificate is insufficient. The plaintiffs in error have asked leave to amend the transcript by inserting certain parts of the record which appear to have been omitted by the clerk.

The transcript is imperfect and confusing in its arrangement, and even with the amendments proposed it is doubtful whether it would be complete. The transcript should contain everything that is a part of the record, and what the record consists of is pointed out in section 417 of the civil code. (Gen. Stat. 1901, § 4866. See, also, *Neiswender v. James,* 41 Kan. 463, 21 Pac. 573; *Comm'rs of Elk Co. v. Scott,* 51 Kan. 139, 32 Pac. 919; *Cook v. Challiss,* 55 Kan. 363, 40 Pac. 643.) We have concluded, however, to consider this transcript as amended, as requested, and, for the purposes of review in this case, to consider it sufficient.

The original petition alleged the execution of certain promissory notes by the defendants, and chattel mortgages to secure their payment, averred default in such payment, and prayed for a judgment for the amount due upon the notes and for the sale of the mortgaged property to satisfy such judgment. The petition was filed September 8, 1905. On the same day the plaintiff filed an affidavit to replevy the property described in the petition and in the mortgages, and an order of replevin was issued thereon and the property taken by the sheriff and afterward delivered to the plaintiff, except certain animals, which were returned to the defendants by the plaintiff's order. On September 11, 1905, the defendants filed their answer, not verified, containing a general denial, allegations of payment, and an averment of the tender of $1500 in satisfaction of the claims of the plaintiff. On the same day defendants filed their motion to set aside the writ of replevin, on the grounds that it had been improvidently issued, that no petition in replevin had been filed, and that the affidavit was insufficient to show special ownership in

the plaintiff. At the same time plaintiff presented an application for leave to file an amended petition. Both motions were heard at the same time; on the same day, December 11, 1905, leave was given to file the amended petition, and the motion to quash the writ was denied. Thereupon the plaintiff filed an amended petition setting up a cause of action in replevin for the same property described in the original petition, alleging default in payment, demand for the property, the refusal thereof, and the unlawful detention by the defendants after such refusal, and praying for judgment for possession. A motion was made by the defendants to strike this amended petition from the files, for the reasons that it changed the cause of action from one in equity to one at law, and from a petition on contract to one in tort, and that it sought to confer jurisdiction in replevin, which the original petition did not do. This motion was denied, and the defendants elected to stand upon their answer filed to the original petition. On the 6th day of March, 1906, the cause was tried, and the jury returned a verdict in the usual form in replevin finding that the plaintiff had a special ownership in the property of the value of $1900.81, being the amount due on the mortgages at the time the action was brought, that the plaintiff was entitled to the immediate possession of the property, and that the defendants wrongfully detained the same. The jury also answered numerous special questions showing credits upon the notes for payments made at different times, the allowance of extensions, and other matters appropriate in an accounting to determine the amount due upon the securities. No damages were allowed for detaining the property.

Thus it appears that while this proceeding was commenced as a suit to foreclose the mortgages it proceeded, after the amendment, as an action in replevin for the same property, terminating in finding the amount due upon the mortgages and a judgment in the

ordinary form for the return of the property or for the value of the special ownership.

The defendants did not ask for the imposition of terms on the allowance of the amendment, and the trial did not take place until about three months after the amendment. There is no suggestion that defendants were unprepared to try the issue finally presented, or that such trial resulted in any hardship or wrong. The plaintiff, however, appears to have excepted to an order of the court allowing the withdrawal by the defendants of a tender made by them, which order was affirmed in this court. (*Windsor v. Snider*, 76 Kan. 178, 90 Pac. 820.)

It must be conceded that such an amendment was not in the ordinary course of practice, but it does not appear to have affected the substantial rights of the defendants. If no amendment had been allowed the same accounting would have been proper, the same finding of the amount due, and an order for the sale of the property would have been made. The plaintiff having obtained possession by this action, the defendants were entitled to have the property so sold. (Gen. Stat. 1901, § 4253.)

The code abolishes the forms of actions, provides that the petition shall state the facts constituting the cause of action, and that causes of action, whether heretofore denominated legal or equitable, or both, may be united where they arise out of the same transaction, or transactions connected with the same subject of action; and further, that amendments may be made in furtherance of justice which do not substantially change the cause of action. The cause of action here was the default of the defendants in keeping the conditions of the chattel mortgages. By reason of these defaults the plaintiff might have maintained a suit for foreclosure or an action of replevin. The transaction to be investigated on the trial was the same whichever form of remedy was sought. When this identity remains the

amendment does not substantially change the cause of action. (*Bogle v. Gordon,* 39 Kan. 31, 17 Pac. 857; *Spice & Son v. Steinruck,* 14 Ohio St. 213.)

This change does not refer to the form of the remedy but to the general identity of the transaction. Thus it was held in *Culp v. Steere,* 47 Kan. 746, 28 Pac. 987, that a petition founded in tort for false representations in the sale of a horse could be properly amended so as to include a claim upon an express warranty upon the contract of sale.

Where a petition alleged fraudulent representations, and prayed for the rescission of a contract induced thereby, an amendment whereby damages were claimed for breach of the same contract was held proper. (*Stevens v. Matthewson,* 45 Kan. 594, 26 Pac. 38.) In that case the original petition disaffirmed, and the amendment affirmed, the contract, but the transaction to be judicially examined remained the same.

The plaintiff first sought to have the mortgages foreclosed and thus make his security available. Later, by amendment he sought to recover possession of the same property, under the same mortgages, for the same purpose. Can it be said that this substantially changed the cause of action? If, however, we should concede that the allowance of the amendment was technically erroneous, still the substantial rights of the defendants were not affected thereby. The issue between the parties appears to have been fully and fairly tried, and no complaint is made of the final result. In this situation the language of Mr. Justice Burch in *Hopkinson v. Conley,* 75 Kan. 65, 88 Pac. 549, is pertinent:

"If it be conceded that the rules of procedure have been violated in this case the judgment cannot for that reason alone be overturned. The legislature has enjoined upon this court the duty of looking beyond defects and errors in pleadings and proceedings to ascertain if they did in fact affect the substantial rights of the party complaining of them. Fixed rules are to be observed and enforced, but not merely for the purpose

of vindicating them.   Harm must result from a wrong decision or it cannot be reversed.

" 'The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.'   (Code, § 140; Gen. Stat. 1901, § 4574.)"   (Page 67.)

The judgment is affirmed.