## JENKINS v. CUTCHENS ET AL.

### January 31, 1837.

*Rule to show cause why money in court should not be impounded to answer defendant's costs.*

Debt on bond against several defendants. *Narr.* and pleas, but no replication. One defendant pays a sum into court, pleading that he had tendered that sum. Parties go to trial, but on disagreement, the jury discharged. The plaintiff dies, and his administrator substituted, who not appearing when the cause is again reached, is nonsuited. The court will impound the money paid in to answer defendant's costs.

After plaintiff's going to trial, which trial does not result in a verdict, and there being a second *venire*, he is called and nonsuit, it is too late to take advantage of the want of a replication.

THIS was an action of debt on a joint and several hand of the defendants conditioned for the payment of 125 dollars. The defendant Cutchens pleaded payment and a set-off; the other defendant pleaded payment and a release.

When the cause was reached in April, 1835, and before the jury were sworn, the defendant Cutchens paid into court the sum of 110 dollars 71 cents, and pleaded that on the 9th September, 1833, he had made a tender of that sum, and that the money was now paid into court.

The parties went to trial, and the jury, not agreeing, were discharged by the court. The plaintiff died, and his administrator was substituted. A new *venire* was issued; when the cause was again reached, in September term, 1836, the plaintiff was called, and did not appear; and on motion of the defendant's counsel, a nonsuit was entered.

The defendant's counsel then obtained a rule to show cause why the money in court should not be impounded to answer the defendant's costs.

*Whitman*, in support of the rule, referred to 2 *Arch. Pr.* 184; *Barnes' cases* 280; 2 *Rawle* 180.

*Ingraham*, contra, cited 2 *Wm. Black.* 1030; 1 *Campb. N. P. R.* 327; *Bull. N. P.* 167.

[Jenkins v. Cutchens et al.]

The opinion of the court was delivered by

PETTIT, *President.*—After payment of money into court the defendant can never take it out; yet the court, if the plaintiff failed in his action, and the money has not been already taken out of court by him, will impound it to answer the defendant's costs. 2 *Arch. Pr.* 184. Whatever difficulty there may be in regard to a nonsuit after a plea of tender, where there is no payment into court, yet it is settled that the plaintiff may be nonsuited after payment of money into court. 1 *Arch. Pr.* 188; 1 *Camp. Rep.* 327, *and cases cited in note;* 7 *T. Rep.* 368. Upon general principles, then, it would seem to be proper for the court to make this rule absolute. But the plaintiff alleges— 1st, that the cause was not at issue; 2dly, that as administrator, the plaintiff is not responsible for costs; and 3dly, that the plea of tender and the payment into court were by one only of the defendants. *First:* The only difficulty here is that the plaintiff never entered in form a replication to either of the pleas, in regard to the difference between the amount claimed and the sum paid into court. The plaintiff went to trial under the first *venire* as if the prothonotary had, under the rule of court, entered the proper replications. The defendant had a right to consider that act of the prothonotary as done; and it is too late for the plaintiff to avail himself of this suggestion now. *Secondly:* The case of Muntorf *v.* Muntorf, 2 *Rawle* 180, decides that though in England, executors and administrators are, by judicial construction, excepted out of the statute of 23 *Hen. VIII.*, ch. 15, giving the defendant judgment and execution for costs against the plaintiff, in case of nonsuit or of verdict for defendant, yet that a different interpretation has been uniformly given to the statute since its extension to Pennsylvania. Executors and administrators here are bound for costs. There is nothing then in this point. *Thirdly:* The *third* objection rests upon the assumption that the money never was in legal contemplation paid into court. No sound reason can be assigned why one of several defendants, where each is liable for the whole debt, and where payment by one is payment for all, should not be allowed to pay money into court. It is in entire unison with the spirit of the original understanding of the parties. Though in the case of Kay *v.* Pancheman *et al.* 2 *Wm. Blacks.* 1029, one of three defendants was not permitted to bring money into court, yet it appears from

[Jenkins v. Cutchens et al.]

the unsatisfactory report of the facts, that of the other two defendants, one had suffered judgment to go by default, and the other had been outlawed; and further that it was thought that confusion would be introduced into the record, and the plaintiff unjustly put in jeopardy of costs by such a proceeding. The reasoning of the decision in that case has no application to the one before us. None of the grounds taken by the plaintiff being tenable, the rule is made absolute.

Rule absolute.[a]

---

[a] The statute of 3 and 4 *Wm. IV.*, c. 42, s. 31, makes executors, who are plaintiffs, generally liable to costs, in the same way as parties who sue in their own right. In Farley *v.* Briant, 3 *Adolphus & Ellis* 839, (30 *E. C. L. Rep.* 239), Lord DENMAN, chief justice, after stating the general rule as established by the statute, says:—" it is founded on the natural justice of indemnifying successful defendants from an action wrongfully brought against them." *He adds:*—" The statute 3 and 4 *Wm. IV.*, c. 42, ingrafts on the general rule the exception, ' unless the court in which such action is brought, or a judge of any of the said superior courts shall otherwise order.' That being the exception, a party applying for the benefit of it, must make out special grounds for the interference of the court."