JAMES K. O'BRIEN *vs.* JOHN C. OSWALD and another.

December 15, 1890.

**Injunction to Restrain Foreclosure by Advertisement.**—In an action to restrain a foreclosure of 'a mortgage by advertisement, prior to the maturity of the mortgage debt, for alleged default in conditions of the mortgage respecting the insurance of the property, and concerning other matters, it being in issue and contested by affidavits as to whether there had been any default in the conditions of the mortgage, *held*, that the court was justified, in its discretion, in restraining the foreclosure sale until this issue should be judicially determined.

**Same—Delay in Application.**—Such an injunction sustained, notwithstanding an unexplained delay of a month in applying for the injunction after receiving notice of the contemplated sale, no prejudice appearing.

Appeal by defendants from an order of the district court for Hennepin county, *Smith*, J., presiding, granting a temporary injunction against a foreclosure by advertisement.

*Thomas Canty*, for appellants.

*James W. Lawrence*, for respondent.

DICKINSON, J.   The plaintiff claims to be the owner of a leasehold interest in real estate by a conveyance from his wife in July, 1889. Before such conveyance, while the plaintiff's wife held such leasehold interest, in November, 1888, she and her husband mortgaged it to the defendant Oswald to secure the payment of their promissory note for $7,500, to become due in two years after that time.   The defendant having commenced a foreclosure by advertisement, under the power contained in the mortgage, prior to the maturity of the mortgage debt, this action is prosecuted to enjoin such foreclosure. This is an appeal by the defendant from an order granting a temporary injunction.   The order was based upon the complaint and answer, together with affidavits read in support of the allegations made in the pleadings.   The defendant claims the right to foreclose the mortgage under the power of sale by reason of the alleged default of the mortgagors, both in respect to keeping the premises insured, as provided in the mortgage, and in the payment of rent to the landlord, so as to preserve and protect the mortgaged leasehold estate from forfeiture.   It is in issue in this action as to whether any such default had occurred, the verified complaint alleging with particularity that these conditions of the mortgage had been complied with. Upon the issue thus presented, the debt being not mature, and upon the case as presented by the pleadings and affidavits, the court was justified, in the exercise of its discretion, in restraining a sale under the power until the disputed facts, upon which the right of sale depended, could be judicially determined.   *Bidwell* v. *Whitney*, 4 Minn. 45, (76;) *Dickerson* v. *Hayes*, 26 Minn. 100, (1 N. W. Rep. 834.)   The application for the injunction was not made until about a month after the plaintiff was informed that a notice of the foreclosure sale was being published.   While the statute (Gen. St. 1878, c. 66, § 204) provides that the application for an injunction in such a case shall be made "immediately" on receiving notice of

the publication of the notice of sale, the adverb here used cannot be taken to mean "without *any* delay." Some time would necessarily elapse after notice before application could be made. The statute undoubtedly requires promptness in action, and perhaps the court might have refused this application because the delay was not explained. But the delay does not appear to have prejudiced the defendant, and the discretion of the court was not exceeded in allowing the injunction.

Order affirmed.