RHODERICK S. DUNN v. ORRIS HUNT.[1]

January 24, 1896.

Nos. 9713—(255).

**Redemption from Foreclosure—Tender.**

A tender of the amount required to redeem from a mortgage foreclosure sale must be kept good in order to be effectual as the basis of a subsequent action to compel a redemption, brought after the time for redemption has expired.

**Same—Refusal.**

The mere refusal of the purchaser at a foreclosure sale to accept a proper tender does not divest his interest in the premises. Distinction made between cases where the tender is the foundation of the right of action and those where the plaintiff's right to relief is not dependent on it, the tender only going to the question of interest and costs.

Appeal by defendant from a judgment of the district court for Chippewa county, in favor of plaintiff, entered in pursuance of the findings and order of Powers, J. Reversed.

*Alva R. Hunt* and *Charles J. Berryhill*, for appellant.

*C. A. Fosnes*, for respondent.

MITCHELL, J. This action was brought October 30, 1893, to compel the execution of a certificate of redemption of real estate from a mortgage foreclosure sale.

The sale took place on October 5, 1892, and a certificate was executed to the defendant, and duly recorded. On October 5, 1893, the last day for redemption, the plaintiff, as the court finds, duly tendered to the sheriff who made the sale the full amount necessary

[1] Reported in 65 N. W. 948.

to redeem, but the sheriff refused to accept the money. The evidence justifies this finding, and it is upon this tender that the plaintiff predicates his right to maintain this action. The court also found that "the plaintiff, ever since said tender, has been ready, willing, and able to pay the amount necessary to redeem from said mortgage sale," but subsequently made an additional finding that "the tender made by the plaintiff to the sheriff on said 5th day of October, 1893, was not kept good." The court did not formally set aside the first finding, but the two are necessarily inconsistent, for the first finding, according to its legal import, means that the tender was kept good. The undisputed evidence is that the money tendered to the sheriff had been, on the same day, borrowed from a bank for the express purpose of making the tender; and that, upon its being refused, the money was immediately returned and repaid to the bank, and that from that time the plaintiff had no money at any time until he sold a piece of real estate in April, 1894, out of the proceeds of which he deposited in court, for the benefit of defendant, the amount required to redeem. It is evident, therefore, that from October 5, 1893, to April 28, 1894, the tender was not kept good.

To keep a tender good the party making it must keep the money (not necessarily the identical coin or notes, but money of like kind) so that he may produce it when required, and in this way keep the tender open for the acceptance of the other party whenever he expresses a willingness to accept it. To keep a tender good it is not necessary that the party should keep the money on his person, ready to be paid over the instant it is demanded. He may deposit it in a bank or other place of safe-keeping, but he must have it continuously on hand and under his control, so as to be able to pay it over when requested. The cardinal principle of the doctrine of tender is that it is substantial performance. Hence it must be continuing; that is, there must be a continued readiness. The universal rule is that a tender, in order to be effectual for any purpose, must be kept good, except in cases where the mere refusal to accept the tender effects a particular result. Thus the refusal to accept a sufficient tender per se discharges the lien of a mortgage; and we have held that, this being so, a failure to keep the tender good does not restore or revive the lien. Moore v. Norman, 43 Minn. 428, 45 N. W. 857.

But, even as to such a case, the authorities are not agreed. So it is held that the refusal by the creditor of a proper tender from the principal debtor discharges the surety, for it is the refusal to accept the tender which prejudices the surety. But we apprehend that no case can be found where a tender was essential to or the foundation of an action, and where it was held that the tender was effectual, unless kept good. Equity is no less strict than the law in this respect.

In this case plaintiff's right to redeem is predicated wholly on the tender; for, confessedly, but for that, his right to redeem has expired. After foreclosure of the mortgage, whereby plaintiff's interest in the property had become merely a right of redemption, the refusal of the tender did not per se divest the defendant of his interest, or revest a clear title in the plaintiff. Care must be taken to distinguish the case from those where the rights of the plaintiff were not dependent upon a tender, the tender being only important as bearing on the question of interest and costs. Here the tender was the very foundation upon which plaintiff's right of action depended. Hence, not having been kept good, it is ineffectual for any purpose, and plaintiff stands to-day precisely as if no tender had ever been made.

The findings being inconsistent, and the original finding not having been set aside, the only disposition we can make of the case is to reverse the judgment, and grant a new trial. So ordered.