## RHODERICK S. DUNN v. ORRIS HUNT.

May 9, 1899.

Nos. 11,541—(75).

**Payment into Court—Withdrawal of Money—Payment of Costs from the Fund.**

> In .an action to compel a redemption from a foreclosure sale by executing a certificate of redemption, plaintiff made a tender, and subsequently paid into court, under the order of the court, an amount of money equal to that tendered. He had in the meantime failed to keep his tender good, and the court, for that reason, found for defendant. *Held*, the plaintiff was then entitled to withdraw the money so paid into court. But *held*, the defendant might thereafter, by order of the court, impound sufficient of the money so on deposit to pay his costs.

Appeal by plaintiff from an order of the district court for Chippewa county, Powers, J., ordering the clerk to pay to defendant, out of moneys paid into court by plaintiff, $345.22 and interest. Affirmed.

*C. A. Fosnes*, for appellant.

*Alva R. Hunt*, for respondent.

CANTY, J.

This action was brought to compel the completion of a redemption from a mortgage foreclosure sale by compelling the execution of a certificate of redemption. It was held that, by failing to keep his tender good, plaintiff lost his right to compel the redemption. See Dunn v. Hunt, 63 Minn. 484, 65 N. W. 948. After the case was remanded on the former appeal, and after a second trial was had, judgment was entered for defendant. Plaintiff had, by order of the court, paid into court the money so tendered, amounting to $1,262, and shortly before the entry of said judgment he procured an order from the court commissioner giving him leave to withdraw the money. Soon after the entry of the judgment, defendant, on notice, moved the court to set aside this order, and the motion was granted. Defendant's judgment for costs in the court below amounted to $85.52, and his judgment for costs in this court on the former appeal amounted to $259.70. Execution was issued on the latter judg-

ment, and returned unsatisfied. Thereupon defendant moved the court to impound sufficient of the money so deposited in court to satisfy these two judgments for costs. The motion was supported by an affidavit to the effect that plaintiff, as defendant is informed and believes, has no money, property, or effects other than the money which had been so deposited in court. Plaintiff appeals from an order granting the motion.

Respondent contends that "money paid into court by a litigant belongs to the party for whom it is paid in, and cannot be withdrawn by the party paying it, whatever may be the result of the action." While this proposition is true in many cases, it is not true in such cases as this. It is true, for instance, in cases where both parties agree that at least the amount paid in is due to the party for whom it is paid in, and the remaining dispute between the parties is as to whether or not more is due the party for whom the money was paid in, or as to whether or not the tender was made in time to prevent the taxing of costs against the party making it. Again, the fact that more is tendered than is due, or that no tender or payment of money into court was necessary in order to protect the rights of the party paying it in, does not give him a right to withdraw the money so paid in, or any part of it. Fox v. Williams, 92 Wis. 320, 66 N. W. 357, cited by respondent, is such a case. But, if respondent's position is correct, the payment of money into court in such an action as this would be an exceedingly dangerous trap for a plaintiff to enter. If he failed in the action, he would not only lose the land which he sought to redeem, but would also lose the money which he paid into court for the purpose of redeeming the land, and it would logically follow that the defendant would be entitled to both the land and the money.

However, the argument of respondent on this point is immaterial, so far as he makes that argument for the purpose of justifying the order of the judge in setting aside the order of the court commissioner giving plaintiff leave to withdraw the money. No appeal has been taken from that order of the judge, and it is not here for review. Defendant refused to accept the tender, or recognize plaintiff's right to redeem. We are clearly of the opinion that under such circumstances plaintiff had a right to withdraw the

money at any time.   Of course, if he withdrew it before the case was disposed of, he might prejudice his right to maintain the action.

But defendant never had any claim to or lien upon this money merely because it was paid into court, because he always maintained a position hostile to and wholly inconsistent with any such claim, and the judgment of the court vindicates his position.   But it does not follow from this that after the tender, kept good by paying the money into court, had served its purpose, and such tender and payment into court had become functus officio, the court could not impound the money for the payment of the costs of the opposite party.   We are of the opinion that the court could so impound the money.   See Jenkins v. Cutchens, 2 Miles, 65; Rathbone v. Stedman, Cooke, 82; Le Grew v. Cooke, 1 Bos. & P. 332.   Whether the court could so impound the money before the tender and payment into court had thus become functus officio, we need not consider.

. Order affirmed.