## GEORGE A. MATHWIG AND ANOTHER v. OLE OLSON AND ANOTHER.[1]

December 8, 1933.

No. 29,593.

*Albert R. Allen,* for appellant.
*Leo J. Seifert,* for respondents.

*LORING, Justice.*

Appeal from an order of the district court of Martin county granting plaintiffs' motion for a temporary injunction.

Plaintiffs are the owners of a 143-acre farm in Martin county. February 24, 1922, they executed a mortgage on their farm to defendant Olson. For several years thereafter they paid the interest on the mortgage note and made payments on the principal sum. By agreement between the parties the mortgage and note which were due in 1925 have been extended so that the due date is now March 1, 1935. The mortgage contained an acceleration clause which gave the mortgagee the right to declare the full amount due upon default of any payment.

[1]Reported in 251 N. W. 518.

The interest due on March 1, 1932, was not paid nor were the delinquent 1931 taxes. According to the complaint, in August, 1932, Olson agreed with Mathwig and his wife that if Mathwig would pay the delinquent taxes of 1931 and paint the barn, he, Olson, would discount the interest due March 1, 1932. Plaintiff claims that Olson also agreed that he would forego the payment of the interest due March 1, 1933, and that because of this agreement he failed to pay such interest.

Olson started a foreclosure action based upon Mathwig's default on the interest payments, and the date of sale was set for May 5, 1933. April 14, 1933, the plaintiffs commenced the present action to enjoin the defendants from prosecuting the foreclosure proceeding further. Upon the hearing for a temporary injunction the motion was submitted on the verified complaint and supporting' and opposing affidavits.

The trial court found that there was a bona fide dispute as to whether a default existed which warranted the foreclosure, and accordingly granted the writ of injunction subject to the condition that a bond be filed by plaintiffs in the amount of $1,000 to indemnify the defendant against loss should he sustain any. He also made other provisions for the protection of the mortgagee.

From the affidavits it seems that the court might have found that there is reasonable probability that plaintiffs may establish the claim that they are not in default. There is a bona fide issue raised as to the agreement in regard to the 1933 interest which cannot be determined by the affidavits but must be tried by the court.

We are of the opinion that this case is controlled by Ekeberg v. Mackay, 114 Minn. 501, 507, 131 N. W. 787, 790, 35 L.R.A.(N.S.) 909, Ann. Cas. 1912C, 568, wherein the rule is stated:

"Upon the conflicting affidavits submitted, it was clearly a matter for the trial court to determine whether or not it was probable that upon the trial the true indebtedness covered by the mortgage would be established at a sum substantially less than the amount claimed in the foreclosure notice. Such determination and the issuance of the temporary injunction based thereon were matters

within the discretion of the trial court, and no abuse of that discretion appears from the record."

In other words, if it appears from the affidavits presented to the court at the time the temporary injunction is applied for that there is a bona fide controversy between the parties which may probably result in the relief sought by plaintiffs, the trial court, in its discretion, may grant the temporary injunction.

Order affirmed.