FIRST NATIONAL BANK OF MENAHGA v. MARGARET G. SCHUNK AND ANOTHER.[1]

December 10, 1937.

No. 31,255.

[1]Reported in 276 N. W. 290.

*Jesse A. Schunk,* for appellant.
*Joseph A. Quinn,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal by defendant Margaret G. Schunk from a judgment.

During the period here determinative and subject to the involved mortgage, one Cheney was the owner of real estate to which we may refer as tracts 1, 2, and 3. Tract 1 was the Cheney homestead. In September, 1933, he mortgaged all three tracts to plaintiff to secure a note for $1,000. That mortgage, with the secured indebtedness, was later assigned to Jesse A. Schunk, father of defendant Margaret G. Schunk. In June, 1935, the mortgage was assigned by the father to the daughter, who, through him as attorney, forthwith commenced a proceeding to foreclose the mortgage by advertisement. Before the day set for the sale, Cheney, the mortgagor, having departed this life, his representative demanded that the property, other than the homestead, be sold first. In the meantime, plaintiff had got title in fee of tract 3 and had taken a certificate of sale on execution covering tract 2. Both tracts were subject to the prior lien of the Schunk mortgage.

On the day preceding that set for the sale on Miss Schunk's foreclosure, plaintiff served upon her, pursuant to 2 Mason Minn. St. 1927, § 9633, a demand that she furnish a statement of the amount claimed by her to be due, with interest and costs, under her mort-

gage. It also offered her the full amount thereof, notifying her that it was insisting "upon paying said mortgage indebtedness and being subrogated to any and all rights of the original mortgagee and the assignee."

Pursuant to such demand, the required statement was furnished to plaintiff. It disclosed the indebtedness to be $1,239.54, which amount was forthwith tendered Jesse A. Schunk as attorney for his daughter. Plaintiff insisted upon having the assignment before making payment. It has kept the tender good by depositing the money with the clerk of court. Not having procured an assignment of the mortgage, plaintiff promptly commenced this action and got a temporary restraining order halting the foreclosure *pendente lite.* The trial resulted in a decision for plaintiff. The judgment permanently enjoined the foreclosure and directed an assignment of the mortgage to plaintiff.

The case presents only one issue: May plaintiff compel defendant Margaret G. Schunk to assign to it the note and mortgage in question upon payment of the full amount due upon said indebtedness with costs, disbursements, and attorneys' fees? In appellant's brief her counsel states:

"Appellant admits respondent's right to pay the amount due her under the mortgage foreclosure proceedings, and thereby stop her from taking further proceedings on it. She denies respondent the right to purchase her mortgage and she refuses to sell her mortgage to respondent."

■ Appellant's admission as to the right of respondent to pay the amount due her and thereby prevent her from proceeding further with the mortgage foreclosure eliminates the necessity of dwelling upon the right of the court to grant injunctive relief. Regardless of the admission, the court had the right to grant such relief, at least until the disputed issues were determined. O'Brien v. Oswald, 45 Minn. 59, 47 N. W. 316; Ekeberg v. Mackay, 114 Minn. 501, 131 N. W. 787, 35 L.R.A.(N.S.) 909, Ann. Cas. 1912C, 568. The object of a temporary injunction is to maintain the matter in controversy in its existing condition until judgment so that the

effect of the judgment shall not be impaired by the acts of the parties during litigation. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1937) § 4489.

Equity will enjoin a sale under a mortgage on a showing that the whole debt has been paid or a good and sufficient tender made and refused. 41 C. J. 932. Here there was a tender. The dispute has to do with what respondent was entitled to after tender was made. In any event, it was entitled to have the foreclosure en-joined particularly until the issue in dispute was determined.

■ A determination of the real issue in the case presents some difficulty. While the notice and demand served on appellant's counsel stated that it was given pursuant to the provisions of 2 Mason Minn. St. 1927, § 9633, it is quite apparent that the section of the statute referred to was enacted for a purpose other than that relied upon by either of the parties to this action. Section 9633 permits a mortgagor, owner, or the holder of a subsequent encumbrance or lien at any time before sale to pay to the holder of a mortgage being foreclosed the amount actually due and constituting the default existing in the condition of the mortgage at the commencement of the foreclosure proceedings, together with certain items of costs and disbursements referred to in the statute, whereupon the mortgage shall be fully reinstated and further proceedings in such foreclosure shall thereupon be abandoned.

The mortgage by its terms did not become due until September 9, 1938. All that appellant could have required respondent to pay was the amount of the actual default plus taxes, costs, disbursements, and attorney's fees. However, respondent in its notice demanded a statement of the entire amount due on the mortgage plus interest, and offered to tender the full amount of the mortgage, plus interest, attorney's fees, costs, disbursements, taxes, and insurance due on the date of sale fixed in the notice. In accordance with the demand so made, appellant's attorney furnished a statement showing the entire amount claimed, whereupon respondent tendered in currency the amount claimed. True, appellant's attorney did not accept the money tendered nor actually assign the mortgage papers to respondent due to the fact that appellant was out of the city

for the day and not available for the purpose of executing the necessary assignment; but a review of the testimony of appellant's counsel clearly indicates that it was his intention to accept the tender and have his client execute and deliver a proper assignment. What followed—that is, the commencement of the action, may have provoked a refusal to go through with the arrangement agreed upon with the bank officers, but we do not believe that the subsequent events affected the rights of the parties.

The so-called redemption was not in strict compliance with the provisions of § 9633, nor was it made pursuant to the provisions of 2 Mason, Minn. St. 1927, § 9628, for that section pertains to redemption after a foreclosure sale. The statutory remedy given by 2 Mason Minn. St. 1927, § 9633, does not take away the equitable right of subrogation possessed by a junior mortgagee in respect to a prior encumbrance. It was so stated by this court in Minneapolis Inv. Co. v. National Security Inv. Co. 178 Minn. 50, 52, 226 N. W. 189, 63 A. L. R. 1516, in the following language:

"We do not think the statutory remedy given by G. S. 1923, §§ 9632 and 9633, as amended, 2 Mason, 1927, id. took away the equitable right of subrogation possessed by a junior mortgagee in respect to prior encumbrances. When the situation presents itself for the exercise of the right by payment of a prior mortgage, the one who so pays is entitled to step into the rights of the prior mortgagee as they existed when the mortgage was given, provided no rights had been released before such prior mortgagee received knowledge of the existence of the subsequent encumbrance."

Under the equitable doctrine of subrogation, when a person having an interest in real estate has paid money to satisfy a mortgage or lien to protect his interests, he is entitled, when justice requires, to be substituted in place of a prior encumbrancer and treated as an equitable assignee of the lien. Emmert v. Thompson, 49 Minn. 386, 52 N. W. 31, 32 A. S. R. 566; Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543; Elliott v. Tainter, 88 Minn. 377, 93 N. W. 124; 41 C. J. 582. The rule is well stated by the Pennsylvania court in Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285, 290, 85 A. 421, 423, Ann.

Cas. 1914B, 558. This case is referred to on page 32 of respondent's brief. There the court said:

"The mortgage is security for the indebtedness and furnishes the legal means of enforcing payment. When, however, the debt is tendered to the mortgagee he must receive it, and he is prevented from taking any proceedings on the mortgage to collect. Generally speaking, he is not required on receipt of the indebtedness to assign or transfer the mortgage, he can only be required to satisfy it. The circumstances however may be such that when the debt is paid he may be required to assign the instrument for the protection of the party making the payment. If a junior mortgagee, judgment creditor or other encumbrancer pay a prior encumbrance in order to protect his own interest in the encumbered estate he will as a general rule be subrogated to all the rights of the senior encumbrancer, and if necessary for his protection may compel an assignment of the security."

When pursuant to plaintiff's request for a statement of the amount due, defendant's counsel demanded the full amount of the mortgage, including interest, costs, disbursements, and attorney's fees, and plaintiff tendered in full the amount so demanded it became subrogated to the rights of Margaret G. Schunk in the mortgage. The tender was kept good by paying the money into court. Paying money into court is the normal mode for keeping a tender good after an action is brought. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9618; Dunn v. Hunt, 76 Minn. 196, 78 N. W. 1110.

It is asserted that because appellant's mortgage covered property in which plaintiff had no interest it was not entitled to an assignment of the mortgage. We do not agree with that contention. After demanding the full amount of the mortgage, together with the other items referred to in the statute and tender in full being made, defendant is now estopped from asserting such claim. In no way can she be harmed by assigning her mortgage to plaintiff because she is paid in full therefor. The mortgagor stands in no different position. He can still require that the land other than the

homestead be sold first. His right to redemption is preserved. Nor does plaintiff unjustly enrich itself, for it pays the full amount of the mortgage.

The action is one in equity. The circumstances in the case were such that the trial court was justified in holding that plaintiff became subrogated to the rights of defendant Schunk in the mortgage and in directing an assignment thereof upon payment of the amount deposited with the clerk of the district court to keep good the tender previously made.

The judgment appealed from is affirmed.