*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1251**

Jeffrey Hugh Boldon, et al.,
Appellants,

vs.

Brian Perry Boldon, et al.,
Respondents.

**Filed April 27, 2015
Affirmed
Klaphake, Judge**[*]

Dakota County District Court
File No. 19HA-CV-12-5683

Steven E. Uhr, Eden Prairie, Minnesota (for appellants)

Thomas F. DeVincke, Malkerson Gunn Martin LLP, Minneapolis, Minnesota (for respondents)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

In this appeal from judgment following a jury trial of their conversion and breach-of-contract claims, appellants challenge pretrial orders denying their motion to amend the complaint and limiting discovery. Because the district court did not abuse its discretion, we affirm.

## DECISION

### I.

Appellants first challenge the district court's denial of their motion to amend the complaint. Once a responsive pleading has been filed, a complaint may be amended only with leave of court, which "shall be freely given when justice so requires." Minn. R. Civ. P. 15.01. "A major consideration in the [district] court's decision is the prejudice which may result to the opposing party." *McDonald v. Stonebraker*, 255 N.W.2d 827, 830 (Minn. 1977). "[T]he liberality to be shown in the allowance of amendments to pleadings depends in part upon the stage of the action and in a great measure upon the facts and circumstance of the particular case." *Bebo v. Delander*, 632 N.W.2d 732, 741 (Minn. App. 2001) (citing *Dale v. Pushor*, 246 Minn. 254, 262, 75 N.W.2d 595, 601 (1956)), *review denied* (Minn. Oct. 16, 2001). "Despite the need for liberality, it is not to be overlooked that the granting or denial of a motion for an amendment to the pleadings is a matter lying in the sound discretion of the trial court and its action will not be reversed except for a clear abuse of discretion." *Dale*, 246 Minn. at 262, 75 N.W.2d at 601. Appellants must act with "due diligence in their attempts to amend." *Meyer v. Best W.*

*Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997), *review denied* (Minn. June 26, 1997).

Appellants initiated this action in October 2012, asserting ownership of certain items of property in the possession of respondents. On June 12, 2013, appellants sought to amend their complaint to add an additional breach-of-contract theory and identify additional items allegedly converted by respondents. Although appellants had not previously attempted to amend their complaint in this action, they had asserted two previous actions seeking to recover property and/or conversion damages from respondents and respondent Brian Boldon's wife. An entire year elapsed between appellants' initiation of the first action and their assertion of the motion to amend in this action. Moreover, the district court had already granted partial summary judgment with respect to some items of property by the time that appellants' filed their motion to amend. Under these circumstances, the district court did not abuse its discretion by denying appellants' motion to amend. *See Bebo*, 632 N.W.2d at 741 (affirming based on prejudice denial of motion to amend filed more than a year after the action had been filed and one week after respondent moved for summary judgment).

## II.

The remaining issues raised by appellants all relate to the scope of discovery allowed by the district court. Under Minn. R. Civ. P. 26.02,

> [d]iscovery must be limited to matters that would enable a party to prove or disprove a claim or defense or to impeach a witness and must comport with the factors of proportionality, including without limitation, the burden or expense of the proposed discovery weighed against its likely benefit,

3

considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

"Subject to these limitations, parties may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party . . . ." *Id.* Under Minn. R. Civ. P. 26.03, however, a district court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." And "[d]iscovery rules are not meant to be used for fishing expeditions." *State v. Hunter*, 349 N.W.2d 865, 866 (Minn. App. 1984) (quotation omitted). The district court "has considerable discretion in granting or denying discovery requests" and, "[a]bsent a clear abuse of discretion, a [district] court's decision regarding discovery will not be disturbed." *Erickson v. MacArthur*, 414 N.W.2d 406, 407 (Minn. 1987).

Appellants first assert that the district court erred by quashing subpoenas issued to two third-party banks because the banks did not object and were not burdened. Thus, appellants assert, relief was not appropriate under Minn. R. Civ. P. 45.03, which governs the rights of recipients of third-party subpoenas. But rule 45.03 does not override the application of rules 26.02 and 26.03. The district court concluded that appellants' requests to the banks were overly broad and sought information that would be duplicative of what respondent had already produced or agreed to produce. Appellants assert that they may have obtained documents from the bank evidencing contradictory representations regarding ownership of the property at issue in this action. The district

court did not abuse its discretion by declining to allow appellants to go on this speculative "fishing expedition."

Appellants next assert that the district court erred by denying their motion to compel the production of documents in response to appellants' first document request, which demanded production of "all documents that evidence, concern, or refer or relate to the purchase or sale of any equipment or machinery [at issue in this case]." Appellants assert that "such purchases would be reflected in the Quick Books general ledger entries of [respondent] Boldon Recycling." But the record reflects that respondents agreed to supplement—and the district court ordered supplementation of—production in response to this request. And counsel for respondents represented at oral argument that the Quick Books ledger was produced.[1] Thus, this is not a case in which no financial discovery was allowed. *Cf. Ciriacy v. Ciriacy*, 431 N.W.2d 596, 599-600 (Minn. App. 1988) (holding that district court unduly restricted discovery by denying access to financial records necessary to determine issue in case). The district courts have discretion to limit discovery to avoid undue burden or expense. Minn. R. Civ. P. 26.03. Appellants have not clearly identified to this court what documents were produced by respondents or why additional discovery would not have been duplicative or burdensome. Under these circumstances, we cannot conclude that the district court abused its discretion by denying appellants' motion to compel. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542,

---

[1] At oral argument, appellants' counsel asserted that appellants were entitled to depreciation schedules that would have demonstrated whether respondents contemporaneously claimed ownership of the equipment and machinery in dispute. Because this argument was not made in appellants' brief, it is waived. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

546 (1949) (holding that error "must be made to appear affirmatively before there can be reversal," and "the burden of showing error rests upon the one who relies upon it").

Appellants finally assert that the district court erred by denying their request to inspect the company's facility to determine the current condition of property at issue in this action. The district court determined that appellants had made no showing that the inspection would yield relevant information. We agree that the current condition of equipment at the facility is not relevant to determining who owns the property at issue in this case. The district court also properly took into consideration that appellant Jeffrey Boldon was precluded by a previously issued harassment restraining order from entering the facility. The district court did not abuse its discretion by denying appellants' request to inspect the facility.

**Affirmed.**